IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**VANESSA FROGGE,**

    Plaintiff**,**

v.                Case No.:  1:17-CV-155
                  (JUDGE KEELEY)

**CRAIG FOX**
*doing business as*
**Mountain Line Transit Authority**

    Defendant.

### **REPORT AND RECOMMENDATION**

  This matter before the undersigned is pursuant to Defendant Craig Fox's "Motion to Dismiss" filed on September 15, 2017. (ECF No. 4). Prior to the filing of the motion, District Court Judge Irene M. Keeley entered an order referring to the undersigned, for written orders or report and recommendations, any motions filed in this case.  (ECF No 2).

### **I.  Relevant Procedural History**

  Plaintiff, Vanessa Frogge, initiated this case by filing a *pro se* complaint in the Magistrate Court of Monongalia County in Morgantown, West Virginia, on April 20, 2017.  (ECF No. 3-1 at 1). On June 2, 2017, Defendant Craig Fox, d.b.a. the Mountain Line Transit Authority timely filed a notice of removal of Plaintiff's suit to the Circuit Court of Monongalia County under W. Va. Code § 50-4-8, at which time the Circuit Court assumed control of the matter. (ECF No. 3-1 at 30-34). At the same time, Mr. Fox filed a Motion to Dismiss Plaintiff's Complaint, arguing that the Complaint was in violation of W. Va. Code §§ 29-12A-13; 29-12A-6(d). (ECF No. 4-1 at 2).  The Court heard argument on Mr. Fox's Motion to Dismiss on August 15, 2017.  Id. The Court ordered Ms. Frogge to file an amended complaint within twenty (20) days of the hearing. (ECF No. 4-1 at 2*)*. Ms.

Frogge filed an Amended Complaint against Defendant, Craig Fox, d.b.a. the Mountain Line Transit Authority, in the Circuit Court of Monongalia County, West Virginia, on August 29, 2017. (ECF No 3-5).

The case was removed to the United States District Court for the Northern District of West Virginia, on September 8, 2017. On September 15, 2017, Mr. Fox filed the pending "Motion to Dismiss" (ECF No. 4). The undersigned issued a Roseboro Notice to Ms. Frogge, on October 25, 2017. On November 6, 2017, Ms. Frogge, filed a response to Defendant's motion and a Request for Pro Se Packet. (ECF No. 12). Mr. Fox did not file a reply. After consideration of the parties' filings, and finding no hearing deemed necessary, for the following reasons, the undersigned recommends that Mr. Fox's Motion to Dismiss be granted.

## II. Relevant Background

In her initial Complaint, filed in the Magistrate Court of Monongalia County in Morgantown, West Virginia, Ms. Frogge asserted a claim of discrimination against Defendant Craig Fox, d.b.a. Mountain Line Transit Authority and sought $10,000 in damages. (ECF No. 3-1 at 1).

In the Amended Complaint, Ms. Frogge brings a claim of discrimination against Defendant, Craig Fox, pursuant to Title II of the Americans with Disabilities Act of 1990 (ADA). (ECF No. 3-5). Ms. Frogge alleges that within his official capacity, Defendant Fox discriminated against her as "an opinionated individual acting on his/her own behalf" when he denied her 'Route Deviation Request' in December 2016 and that such conduct "was outside the scope of his employment as a government official." (ECF No. 3-5 at 9).

According to her Amended Complaint, Ms. Frogge suffers from a neck condition and lives in an apartment complex on Scott Avenue in Morgantown, West Virginia. She submitted a route deviation request to Mountain Line, asking for a new bus stop to be established at the top of the hill,

presumably, within her apartment complex. She further alleges that "there is no sidewalk connecting [her] apartment to a hill and several flights of stairs leading to the bus stop." (ECF No. 3-5 at 8). She also alleges that when Defendant conducted a site visit to consider the proposed deviation request, he failed to include consideration for her disability. Id. Mr. Fox denied Ms. Frogge's request determining that the roads in Ms. Frogge's apartment complex were too small and did not have an acceptable place for the bus to turn around. Mr. Fox further determined that fundamental changes would have significantly impacted passengers. (ECF No. 3-5 at 5, 6).

In her request for relief, Ms. Frogge includes a list of damages totaling approximately $50,000. (ECF No. 3-5 at 10-11). The list includes several medical procedures she found on "surgery-guide.com" (including hernia removal of the spine, spondylolisthesis fusion, and removal of bones for fusion) and a "Kia Niro at $22,890," which she found in the Kelly Blue Book. (ECF No. 3-5 at 9-10). On November 13, 2017, Ms. Frogge filed a "Settlement Demand Letter" seeking "two years' salary: $64,800," a figure she arrived at by using the Average Median Income in Morgantown, West Virginia, which she determined is $32,400. (ECF No. 13). She also itemized specific damages in the letter, in her own words, as follows:

1) $4,800 toward preliminary healthcare;
2) $20,000 toward healthcare for actual physical damages incurred trekking to and from bus stop;
3) $20,000 toward transportation to avoid further bodily trauma;
4) $20,000 toward emotional and mental distress due to the discrimination of my previous request as well as the Civil Action in and of itself becoming and having been necessary.

These itemized damages also add up to $64,800, making the grand total in the "Settlement Demand Letter," $129,600.00. (ECF No. 13 at 2).

### III. Contention of the Parties

In support of her claim, Ms. Frogge alleges that Mountain Line previously approved a deviation request that is similar to her current deviation request, as both contain small roads. (ECF No. 3-5 at 6). Ms. Frogge further alleges that there is a space of over twenty (20) yards between the maintenance shed and the dumpster of her apartment complex that a garbage truck uses every Tuesday and Thursday without problems. (ECF No. 3-5 at 7). Moreover, Ms. Frogge asserts that the ADA prohibits any discrimination against her or her disability (ECF No. 3-5 at 8). She further asserts that W. Va. Code 29-12-A-3 defines the "Scope of Employment" for government officials and does not include "discrimination," which she describes in parenthetical as "a form of corruption." (ECF 3-5 at 9). Ms. Frogge claims that by "acting outside of said "scope" [Craig Fox] is not an acting government official, but an opinionated individual acting on his/her own behalf." Id.

Conversely, in his Motion to Dismiss, Mr. Fox asserts that he has not been named in his official capacity and Mountain Line has not been named as a Defendant. (ECF No. 4-1 at 2). Mr. Fox argues that plain review of Ms. Frogge's allegations reveals she has filed suit against him in his individual capacity. Id. at 3. Mr. Fox asserts that Plaintiff's claim under the ADA fails as a matter of law because defendants may not be held liable in their individual capacities under Title II (ECF No. 4-1 at 4) and that Plaintiff's Amended Complaint fails to state a claim by making conclusory assertions without adequate factual matter to support the claims Id. at 6. Mr. Fox asserts that Plaintiff's Amended Complaint seeks to have the Court accept a vague ADA violation couched as a factual allegation. Id.

## IV. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(d)(1) provides that the allegations contained in the pleading "must be simple, concise and direct." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555. Thus, when a defendant challenges the sufficiency of a complaint under Rule 8(a)(2), the Court examines the factual allegations contained therein to determine if they reasonably indicate that discovery will yield evidence of all of the elements of the plaintiff's claim. If, viewing the factual allegations as true, the Court cannot conclude that discovery will yield evidence of all of the elements of the plaintiff's claim, the Court must dismiss the claim.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d

1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for her, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

    Here, Ms. Frogge asserts that Mr. Fox was acting outside the scope of his employment and on his own behalf when he denied her route deviation request. Her allegations seem to suggest that her theory of liability is derived from a contention that the substance of Mr. Fox's decision (that roads in her apartment complex were too small and did not have an acceptable place for a bus to turn around in, and that fundamental changes would have significantly impacted passengers) was discriminatory, and the discrimination itself takes him out of the definition of "acting in an official capacity" and into a definition of "acting in an individual capacity" on the basis that government officials cannot discriminate under the law, and therefore he was acting as an individual. This is a confused sense of agency and causation that is without recognition from any authority in the law. As such, Mr. Fox correctly argues that he must be dismissed from this case because as an individual, he is not a proper defendant to an ADA lawsuit. The Fourth Circuit has held that the ADA "do[es] not provide for causes of action against defendants in their individual capacities." Jones v. Sternheimer, 387 F.App'x 366, 368 (4th Cir. 2010) (citing Baird ex rel. Baird Rose, 192 F.3d 462, 472 (4th Cir. 1999). Accordingly, Ms. Frogge's ADA claim cannot be maintained against Mr. Fox in his individual capacity.

    Assuming *arguendo*, that Ms. Frogge is attempting to sue Mr. Fox in his official capacity, and thereby sue the Monongalia County Urban Mass Transit Authority, itself, her ADA claim would still fail. Ms. Frogge's ADA claim must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 550 US 544, 570 (2007). Title II of the ADA holds that, "no qualified individual with a disability shall, by reason of such disability, be excluded

from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 USCA § 12132. A person is regarded as having such a qualifying impairment if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 USCA § 12132 (3)(A). In order to establish disability discrimination in violation of the ADA, the plaintiff must prove (1) that she is an individual with a disability; (2) that she is otherwise qualified for the benefit in question; and (3) that discrimination due to her disability served as a motivating factor in her exclusion from the benefit. Baird v. Rose, 192 F.3d 462 at 466 (4th Cir. 1999.)

Plaintiffs alleging intentional discrimination shoulder the burden of showing, by either direct or circumstantial evidence, that a decision to deny a "benefit" was motivated by unjustified consideration of the disabled status of individuals who would be affected by the decision. Bryant Woods Inn, Inc. v. Howard County Maryland, 922 F. Supp. 918, 929 (D. Md. 1996), aff'd, 124 F. 3d 597 (4th Cir. 1997). Determining whether a discriminatory purpose was a motivating factor demands sensitive inquiry into such circumstantial and direct evidence of intent as may be available. Village of Arlington Heights v. metropolitan Housing Dev. Corp., 429 U.S. 252, 266, 97 S. Ct. 555, 50 L. Ed2d 450 (1997). Proper factors to consider in evaluating a claim of discriminatory decision-making include: (1) the discriminatory impact of the governmental decision; (2) the decision's historical background; (3) the specific sequence of events leading up to the challenged decision; (4) departures from the normal procedural sequences; (5) departures from normal substantive criteria; and (6) legislative or administrative history including contemporaneous statements by members of the decision-making body. Pathways Psychological v. Town of Leonardtown, 133 F. Supp. 2d 772 at 782 (D. Md. 2001). Ms. Frogge has not sufficiently pleaded

7

any single, or combination of facts, which sufficiently indicate that Mr. Fox's decision was a pretext for discrimination.

A public bus and a garbage truck may both be very large vehicles, but are not quite exactly the same size in every instance. Mr. Fox could have reasonably known with his professional knowledge of bus dimensions that it would not be suitable for a bus to utilize the twenty yard space as a garbage truck would and that to fulfill the deviation request, drastic changes would have to be made to their normal operations that would have a significant impact on other passengers. Ms. Frogge has not pleaded sufficient facts to suggest that the previous deviation request that was approved by Mountain Line is substantially similar to her current request, nor does it appear that she actually suffered any harm because of the denial. It does not appear that Mr. Fox deviated from the department's normal procedural sequences or normal substantive criteria in making that decision.

Furthermore, the damages alleged by Ms. Frogge and the terms of her "Settlement Demand Letter" seem inappropriate to the matter at hand, unsupported by fact or reasonable basis, and unreasonably burdensome on the Defendant. The monetary compensation, in all forms in which it is requested, does not appear to be actually derived from any alleged discriminatory conduct by Craig Fox.

### V.  Conclusion

In sum, Title II of the Americans with Disabilities Act does not extend liability on behalf of defendants in their individual capacity and Craig Fox is not being sued in an official capacity, either. Nevertheless, as an individual or an official, no facts have been pleaded sufficient enough to state a claim to relief that is plausible on its face. It is unreasonable to hold Craig Fox responsible for any alleged discrimination in this case because it is impossible for his legal capacity to change while under the "scope of his employment" on the basis of his conduct within the performance of

that capacity. Accordingly, the undersigned recommends Craig Fox's Motion to Dismiss be **GRANTED WITHOUT PREJUDICE**.

Any party may within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keely, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to forward a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia and to the *pro se* Plaintiff by certified mail, return receipt requested.

Respectfully submitted this 27th day of February 2018.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE