# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VANESSA FROGGE,**

    **Plaintiff,**

**v.**                                   **CIVIL ACTION NO. 1:17CV155**
                                                      **(Judge Keeley)**

**CRAIG FOX, d/b/a Mountain
Line Transit Authority,**

    **Defendant.**

## ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 16]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2017, the pro se plaintiff, Vanessa Frogge ("Frogge"), filed a complaint in the Magistrate Court of Monongalia County, West Virginia, against the defendant, Craig Fox ("Fox") (Dkt. No. 3-1 at 1). In the complaint, Frogge sought $10,000 in damages due to Fox's alleged discrimination at the Mountain Line Transit Authority. Id. Because the action involved more than $2,500, Fox removed the case to the Circuit Court of Monongalia County, West Virginia ("Circuit Court"), under W. Va. Code § 50-4-8. Id. at 15-17. Although Fox moved to dismiss Frogge's complaint for failure to state a claim, the Circuit Court granted Frogge leave to amend and denied Fox's motion as moot (Dkt. No. 3-4).

On August 29, 2017, Frogge filed an amended complaint, alleging that Fox, "doing business as the Mountain Line Transit Authority," had discriminated against her in violation of the Americans with Disabilities Act ("ADA") (Dkt. No. 1-1). According

**ORDER REJECTING REPORT AND RECOMMENDATION [DKT. NO. 16]**

to Frogge, she requested a route deviation from Mountain Line Transit Authority due to her neck condition, but Fox denied the request for the stated reason that Frogge's apartment complex does not have "an acceptable place to turn a bus." Id. at 1-4. Frogge disagrees with this assessment and asserts that Fox did not consider her disability when making the decision to deny her request for a route deviation. Id. at 4-6. She alleges that Fox discriminated against her in violation of the ADA, and that Fox was acting outside the scope of his employment. Id. at 6-7.

Given Frogge's ADA allegations, Fox promptly removed the case to this Court on September 8, 2017, in reliance on federal question jurisdiction under 28 U.S.C. § 1331 (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and the local rules, the matter was referred to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review (Dkt. No. 2). Fox moved to dismiss Frogge's amended complaint on September 15, 2017 (Dkt. No. 4).

In a report and recommendation ("R&R") entered on February 27, 2018, Magistrate Judge Aloi recommended that the Court grant Fox's motion (Dkt. No. 16). First, the magistrate judge reasoned that Frogge cannot maintain a cause of action under the ADA against Fox in his individual capacity. Id. at 6. Second, he concluded that Frogge failed to allege sufficient facts to state a plausible claim

for relief under the ADA. Id. at 6-8. The Court received Frogge's timely objections on March 12, 2018 (Dkt. No. 18).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing a complaint, the Court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "[A] complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Id. at 188 n.7 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

## III. DISCUSSION

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is

3

made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [parties do] not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Moreover, the Court must liberally construe pro se pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). Having conducted a de novo review of the R&R and the record, the Court concludes that, as a pro se plaintiff, Frogge has alleged sufficient facts to state a claim for discrimination under the ADA.

**A.  Public Entity**

Title 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). "[I]ndividuals sued in their individual capacity are not public entities." Carter v. Maryland, No. JKB-12-1789, 2012 WL 6021370, at *5 (D. Md. Dec. 3, 2012). But "a suit against a state official in his or her official capacity . . . is

no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Fox concedes that Mountain Line Transit Authority is an instrumentality of Monongalia County, West Virginia, organized to provide public transportation (Dkt. No. 4-1 at 5). He contends nonetheless that, because he "is being sued in his individual capacity," the amended complaint fails to state a claim against a "public entity" under the ADA (Dkt. No. 4-1 at 5-6). This argument is not persuasive. The amended complaint plainly alleges that Fox was "doing business as the Mountain Line Transit Authority" (Dkt. No. 1-1 at 1). As it must, the Court liberally construes this allegation as a claim against Fox in his official capacity as the employee of a public entity. Estelle, 429 U.S. at 106.

**B.  ADA Discrimination**

"In general, a plaintiff seeking recovery for violation of [the ADA] must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005). "The ADA defines a disability, in part,

as a physical or mental impairment that substantially limits one or more of the major life activities of such individual." <u>Rhoads v. F.D.I.C.</u>, 257 F.3d 373, 387 (4th Cir. 2001) (internal quotation and alteration omitted) (quoting 42 U.S.C. § 12102(2)(A)). An individual "is 'otherwise qualified' for a program if she 'with or without reasonable modifications . . . meets the essential eligibility requirements for' participation in the program." <u>Zimmeck v. Marshall Univ. Bd. of Governors</u>, 106 F. Supp. 3d 776, 781 (S.D.W.Va. 2015) (quoting 42 U.S.C. 12131(2)).

A plaintiff may satisfy the third prong by alleging "(1) intentional discrimination or disparate treatment; (2) disparate impact; [or] (3) failure to make reasonable accommodations." <u>Adams v. Montgomery College (Rockville)</u>, 834 F. Supp. 2d 386, 393 (D. Md. 2011) (quoting <u>A Helping Hand, LLC v. Baltimore County</u>, 515 F.3d 356, 362 (4th Cir. 2008)). "A 'reasonable accommodation' is one that gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." <u>Henrietta D. v. Bloomberg</u>, 331 F.3d 261, 282 (2d Cir. 2003) (quoting <u>Alexander v. Choate</u>, 469 U.S. 287, 301 (1985)). Nonetheless, a public entity need not make a modification that would "fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130.

Here, liberally construing Frogge's amended complaint, she has alleged sufficient facts to survive a motion to dismiss. As to the first prong, the amended complaint alleges that Frogge has a "neck condition" that decreases her "neck mobility" and limits her ability to climb stairs to the bus stop (Dkt. No. 1-1 at 2, 6). Under the second prong, Frogge alleges that she previously has ridden the bus, and thus that she is qualified to receive the benefit of the service at issue. Id. at 4. Finally, as to the third prong, Frogge alleges that she submitted a reasonable "deviation request" for the bus to pick her up in an apartment complex rather than the bus stop. Id. at 4-6. Although Fox denied the modification because "there is not an acceptable place to turn a bus," Frogge alleges that this is incorrect, and thus that the accommodation would not have resulted in a "fundamental change" to the service. Id. Therefore, Frogge has alleged the elements of a discrimination claim under the ADA. Constantine, 411 F.3d at 498.

## IV. CONCLUSION

For the reasons discussed, after conducting a de novo review of the R&R and the record, the Court:

**1)** **SUSTAINS** Frogge's objections (Dkt. No. 18);

**2)** **REJECTS** the R&R (Dkt. No. 16);

**3)** **DENIES** Fox's motion to dismiss (Dkt. No. 4);

**4)** **DENIES AS MOOT** Frogge's motions for a hearing (Dkt. Nos. 11; 19); and

**5)** **RECOMMITS** this case to Magistrate Judge Aloi, who is authorized to consider the record and enter rulings or recommendations as appropriate, including the entry of a scheduling order on discovery and dispositive motions.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested.

DATED: June 26, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE